Civil Court of the City of New York

County of _Bronx_

_____
Part

In the Matter of the Application of

_Nazik-Ayla MAMYROVA_

to prosecute as a poor person against

_NAICA Shelter_ , et al

_____

Index Number _____

AFFIDAVIT IN SUPPORT OF
AN APPLICATION TO
PROCEED AS A POOR PERSON
AND TO WAIVE COURT FEES

State of New York, County of _Bronx_ ss:

_Nazik-Ayla MAMYROVA_ , being duly sworn, deposes and says:
PRINT YOUR NAME

1. I am the party named as _Plaintiff_ in the above titled action.

2. I reside at _1820 Clinton Ave #2B Bronx NY 10457_

3. I seek to proceed in the above titled action.

4. I have a good and meritorious cause of action in that _Violation of civil Rights_

_____

5. I request that an Order be granted:
   [✓] waiving any and all statutory fees for the defense or prosecution of the action,
   [ ] waiving the fee for the filing of a Notice of Appeal
   [ ] other (Specify) _____

6. I make this application based on CPLR §1101. I do not have, nor am I able to obtain, the funds needed to pay the court fees. I will be unable to proceed unless the Order is granted.

7. I (am)/am not a recipient of Public Assistance from the Department of Social Services of the City of New York.

8. I have no income other than the sum of $ _500_ per _week_ from

_unemployment_

9. I own no property of any kind except necessary personal wearing apparel and

_no property_,
   _[Indicate other property and the value of such property]_

10. No other person is beneficially interested in the recovery sought.

11. [✓] a) I have not made a previous application for this or similar relief.
    [ ] b) I have made previous application(s) for this or similar relief, but I am making this further application because

_____

Sign your name _____

Sworn to before me this _19th_ day of _August_ 20 _21_

_____
Signature of Court Employee and Title
   Notary   Private client Danker

Print your address
_1820 Clinton Ave #2B Bronx_
_NY 10457_

Telephone Number _____

LANDRIT ALIBEGU
Notary Public - State of New York
NO. 01AL6399921
Qualified in Richmond County
My Commission Expires Nov 4, 2023

CIV-GP-15-i(Revised 5/04)

FREE CIVIL COURT FORM
No fee may be charged to fill in this form.
Form can be found at: http://www.nycourts.gov/courts/nyc/civil/forms.shtml

FOIA Summons III form 4
4/17

## UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

NASIK ALYA MAMYROVA

_____
Plaintiff

Neighborhood Association for Inter Cultural Affairs, Inc.,
a New York Corporation; TAMIKA BROWN, an individual;
ISHA SMITH, an Individual; and DOES 1‑10, inclusive

Defendant

)
)
)
)
)
)
)

Civil Action No. _____

## SUMMONS IN A CIVIL ACTION

To:   (Defendant's name and address)  Neighborhood Association for Inter Cultural Affairs, Inc., a New York Corporation, j
32 BROADWAY, NEW YORK, NY, 10004 In Care Of Registered Agent SAUL BERZIN C/O SAUL
BERZIN, ESQ; TAMIKA BROWN, employed at the NAICA Shelter located at: 706 Courtlundt Avenue,
Bronx, NY, 10451; ISHA SMITH, employed by the New York State Department of Social Services, 150
Greenwich St, New York, NY 10038.

A lawsuit has been filed against you.

Within 30 days after service of this summons on you (not counting the day you received it) you must
serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of
Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and
address are:

NAZIK-AYLA MAMYROVA
249 E. 48TH STREET
NEW YORK, NY 10017
NAZ0211@GMAIL.COM
646-421-8608

If you fail to respond, judgment by default may be entered against you for the relief demanded in the
complaint.  You also must file your answer or motion with the court.

### CLERK OF COURT

Date: _____

_____
Signature of Clerk or Deputy Clerk

FOIA Summons (12/11) (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

⸞ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

⸞ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

⸞ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

⸞ I returned the summons unexecuted because _____ ; or

⸞ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                   *Server's signature*

                                                   _____
                                                   *Printed name and title*


                                                   _____
                                                   *Server's address*

Additional information regarding attempted service, etc:

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS** Nazik - Ayla Mamyrova

**DEFENDANTS** NEIGHBORHOOD ASSOCIATION FOR INTER-CULTURAL Ave.,
AFFAIRS, INC., a New York Corporation; TAMIKA BROWN; an individual;
ISHA SMITH, an individual; and DOES 1-10, inclusive

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

31 U.S. Code Section 6711 - Prohibited discrimination
U.S. Code Title 42, Chapter 21 - Civil Rights - Race Discrimination

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☒ Yes ☐    Judge Previously Assigned

If yes, was this case  Vol. ☐  Invol. ☐  Dismissed. No ☒ Yes ☐   If yes, give date _____ & Case No _____

**IS THIS AN INTERNATIONAL ARBITRATION CASE?**      No ☒      Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*              **NATURE OF SUIT**

| | | TORTS | | | ACTIONS UNDER STATUTES |
|---|---|---|---|---|---|
| **CONTRACT** | **PERSONAL INJURY** | **PERSONAL INJURY** | **FORFEITURE/PENALTY** | **BANKRUPTCY** | **OTHER STATUTES** |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL | [ ] 625 DRUG RELATED | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | INJURY/PRODUCT LIABILITY | SEIZURE OF PROPERTY 21 USC 881 | [ ] 423 WITHDRAWAL | [ ] 376 QUI TAM |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER | 28 USC 157 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140 NEGOTIABLE INSTRUMENT | SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT | | | [ ] 410 ANTITRUST |
| [ ] 150 RECOVERY OF OVERPAYMENT & | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | LIABILITY | **PROPERTY RIGHTS** | | [ ] 430 BANKS & BANKING |
| ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 820 COPYRIGHTS   [ ] 880 DEFEND TRADE SECRETS ACT | | [ ] 450 COMMERCE |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 830 PATENT | | [ ] 460 DEPORTATION |
| [ ] 152 RECOVERY OF DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT |
| STUDENT LOANS (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | | [ ] 840 TRADEMARK | | ORGANIZATION ACT (RICO) |
| [ ] 153 RECOVERY OF OVERPAYMENT | [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | **LABOR** | **SOCIAL SECURITY** | [ ] 480 CONSUMER CREDIT |
| OF VETERAN'S BENEFITS | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 861 HIA (1395ff) [ ] 862 BLACK LUNG (923) | [ ] 485 TELEPHONE CONSUMER PROTECTION ACT |
| [ ] 160 STOCKHOLDERS SUITS | | | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID TITLE XVI | [ ] 490 CABLE/SATELLITE TV |
| [ ] 190 OTHER CONTRACT | | **PRISONER PETITIONS** | [ ] 740 RAILWAY LABOR ACT | [ ] 865 RSI (405(g)) | [ ] 850 SECURITIES/ COMMODITIES/ |
| [ ] 195 CONTRACT PRODUCT LIABILITY | **ACTIONS UNDER STATUTES** | [ ] 463 ALIEN DETAINEE [ ] 510 MOTIONS TO VACATE SENTENCE | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | **FEDERAL TAX SUITS** | EXCHANGE |
| [ ] 196 FRANCHISE | **CIVIL RIGHTS** | 28 USC 2255 | | [ ] 870 TAXES (U.S. Plaintiff or | [ ] 890 OTHER STATUTORY ACTIONS |
| | | [ ] 530 HABEAS CORPUS | [ ] 790 OTHER LABOR | Defendant) | [ ] 891 AGRICULTURAL ACTS |
| | [ ] 441 VOTING | [ ] 535 DEATH PENALTY | LITIGATION | [ ] 871 IRS-THIRD PARTY | [ ] 893 ENVIRONMENTAL |
| **REAL PROPERTY** | [☒] 440 OTHER CIVIL RIGHTS (Non-Prisoner) | [ ] 540 MANDAMUS & OTHER | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | 26 USC 7609 | MATTERS |
| [ ] 210 LAND CONDEMNATION | [☒] 442 EMPLOYMENT | | | | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 220 FORECLOSURE | [ ] 443 HOUSING/ ACCOMMODATIONS | **PRISONER CIVIL RIGHTS** | **IMMIGRATION** | | [ ] 896 ARBITRATION |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 445 AMERICANS WITH DISABILITIES - | [ ] 550 CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION | | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR |
| [ ] 240 TORTS TO LAND | EMPLOYMENT | [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION | | APPEAL OF AGENCY DECISION |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT | ACTIONS | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 448 EDUCATION | | | | |

Check if demanded in complaint:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $_____ OTHER _____   JUDGE _____   DOCKET NUMBER_____

*Check YES only if demanded in complaint*

JURY DEMAND: ☒ YES ☐ NO      NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH 32).

(PLACE AN x IN ONE BOX ONLY)                                    **ORIGIN**

[X] 1 Original   [ ] 2 Removed from   [ ] 3 Remanded   [ ] 4 Reinstated or   [ ] 5 Transferred from   [ ] 6 Multidistrict   [ ] 7 Appeal to District
      Proceeding          State Court          from                  Reopened            (Specify District)        Litigation              Judge from
                                               Appellate                                                           (Transferred)          Magistrate Judge
                          [ ] a. all parties represented   Court

                          [ ] b. At least one party                                                               [ ] 8 Multidistrict Litigation (Direct File)
                                is pro se.

(PLACE AN x IN ONE BOX ONLY)              **BASIS OF JURISDICTION**                    *IF DIVERSITY, INDICATE*
1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [X] 3 FEDERAL QUESTION   [ ] 4 DIVERSITY     *CITIZENSHIP BELOW.*
                                                (U.S. NOT A PARTY)

           CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

        (Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Nazik-Ayla Mamyrova
249 E. 48th Street, Apt. 7D
New York, NY 10017
New York County
646-421-8608

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

32 BROADWAY, NEW YORK, NY, 10004 In Care Of Registered Agent SAUL BERZIN C/O SAUL
BERZIN, ESQ; TAMIKA BROWN, employed at the NAICA Shelter located at: 706 Courtlundt Avenue,
Bronx, NY, 10451; ISHA SMITH, employed by the New York State Department of Social Services, 150
Greenwich St, New York, NY 10038.

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] MANHATTAN

DATE AUGUST 24, 2021   /s/ NAZIK-AYLA MAMYROVA          ADMITTED TO PRACTICE IN THIS DISTRICT
                                                        [X] NO   PLAINTIFF, PRO SE
                       SIGNATURE OF ATTORNEY OF RECORD   [ ] YES (DATE ADMITTED  Mo. _____ Yr. _____)
                                                        Attorney Bar Code #

RECEIPT #
Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NAZIK-AYLA MAMYROVA,
_____

_____
Write the full name of each plaintiff.

-against-

NEIGHBORHOOD ASSOCIATION FOR INTER-
_____
CULTURAL AFFAIRS, INC., a New York Corporation;
_____
TAMIKA BROWN, an individual;  Isha Smith, an individual and
_____
DOES 1-10, inclusive.
_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## COMPLAINT

Do you want a jury trial?
☑ Yes      ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

31 United States Code section 6711 - Prohibited Discrimination

42 United States Code, Chapter 21 - Civil Rights - Racial Discrimination

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , Nazik-Ayla Mamyrova                          , is a citizen of the State of
                        (Plaintiff's name)

New York
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, __TAMICA BROWN_____, is a citizen of the State of
(Defendant's name)

New York
_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, NEIGHBORHOOD ASSOCIATION FOR INTER-CULTURAL AFFAIRS, INC. , is incorporated under the laws of

the State of __NEW YORK_____

and has its principal place of business in the State of __NEW YORK_____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in __NEW YORK_____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| Nazik-Ayla | | Mamyrova |
|---|---|---|
| First Name | Middle Initial | Last Name |

249 E. 48th Street, Apartment 7D
_____
Street Address

| New York | NY | 10017 |
|---|---|---|
| County, City | State | Zip Code |

| 646-421-8608 | naz0211@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

| Neighborhood Association   For Inter-Cultural Affairs, Inc. | | |
|---|---|---|
| First Name | Last Name | |
| For Profit New York State Corporation | | |
| Current Job Title (or other identifying information) | | |
| 1075 GRAND CONCOURSE SUITE 1B, | | |
| Current Work Address (or other address where defendant may be served) | | |
| Bronx | NY | 10452 |
| County, City | State | Zip Code |

Defendant 2:

| TAMIKA | BROWN | |
|---|---|---|
| First Name | Last Name | |
| Case worker for the NAICA Shelter | | |
| Current Job Title (or other identifying information) | | |
| 706 Courtlundt Avenue | | |
| Current Work Address (or other address where defendant may be served) | | |
| Bronx | NY | 10451 |
| County, City | State | Zip Code |

Defendant 3:

| ISHA | SMITH | |
|---|---|---|
| First Name | Last Name | |
| Director of Social Services | | |
| Current Job Title (or other identifying information) | | |
| 706 Courtlundt Avenue | | |
| Current Work Address (or other address where defendant may be served) | | |
| Bronx | NY | 10451 |
| County, City | State | Zip Code |

Defendant 4:   DOES 1-10, Unknown
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:   Bronx, New York

Date(s) of occurrence:   May of 2019 to December of 2019

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

1.  The Plaintiff moved to the NAICA shelter at the beginning of May 2019, and before then, she was at a different shelter.  At NAICA shelter, the Plaintiff was assigned a caseworker whose name was Tamika Brown. The Plaintiff would see her once every two weeks.  On her first meeting with Tamika Brown, the Plaintiff informed Defendant Brown of her religious services every Thursday, and her need for a pass to attend, (a pass to come later for curfew).  This is because the NAICA Shelter had a 10pm curfew hour.

2.  However, if the individual staying has a valid reason for not making it back to the NAICA Shelter by the 10:00 p.m. curfew hour, (such as work or religious services or some form of emergency), if the individual presents the necessary proof, the extended curfew hours are granted via the individual being provided a pass.

3.  The Plaintiff provided Tamika Brown with the necessary proof that she is a follower of the Sufi Muslim religion of the Mevlana Rumi order, and attended religious services at Dergah al-Farrah located at 245 West Broadway, NY 10013, (nurashkijerrahi.org), on Thursdays, from 8:00 p.m. until 12:00 a.m. to 1:00 a.m., depending on the days and how the services go.  The Plaintiff provided proof to Defendant Brown that she had been attending these services every Thursday for a long time, and that the previous shelter she stayed at granted her passes every Thursday, allowing her to attend these religious services.

4.  Defendant Brown refused to issue the Plaintiff a pass three consecutive weeks in a row.  This occurred despite the Plaintiff repeatedly reminding Defendant Brown that she required her pass for religious services every Thursday.  The Plaintiff called Defendant

5.  Brown every Wednesday prior to the day she required a pass, reminding Defendant Brown of her need for such pass to attend religious services.  The Plaintiff would then call on Friday, reminding Defendant Brown that she agreed to, but then did not issue a pass to the Plaintiff the day prior.  Whenever she would not do the Plaintiff's pass, all of the Plaintiff's belongings would be collected in a large plastic bag and would be brought to the lobby.  This directly correlated to the Plaintiff losing the bed she was in at the NAICA Shelter.  At the Shelter previous to the NAICA Shelter, the passes for extended curfew hours were completed right when the individual sees their case worker.  Defendant Brown never issued the Plaintiff a pass the same day she saw her.

6.  The entire summer of 2019, Defendant Brown consistently told Plaintiff to go back to her home country.  The Plaintiff was born in Kyrgyzstan, a former Soviet Union country.  The Plaintiff has lived in the US for more than half of her life and is a legitimate citizen of the United States of America.  Despite this, every time the Plaintiff would see Defendant Brown, she would tell her to go back to her home country, to her country, or would ask her, "Why don't you go back to your home country?"  (Continued on Attachment "1")

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

The Plaintiff suffered extreme mental, psychological and emotional distress.  The Plaintiff had serious trouble sleeping, experienced nightmares of being beaten and raped.  The severe mental, emotional and psychological distress was so extreme that basic daily life was drastically impacted.  The Plaintiff suffered constant fear of being transfered to another Shelter.  The helplessness and sense of complete loss when she was unable to access the procedure for the HRA Doctors to examine her, declare her medical incapable of working, which would thereafter allow the Plaintiff to be granted the $1,265 housing voucher and leave the terrorizing NAICA Shelter.

**IV.  RELIEF**

State briefly what money damages or other relief you want the court to order.

Compensatory, statutory, and punitive damages in the total amount of $1,000,000.00.

Some form of requirement that Defendants Brown and the other case workers engage in diversity, religious and racial equality training, and some form of class on how to identify and prevent racial and religious discrimination.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 8/24/2021 | /s/ Nazik-Ayal Mamyrova |
|---|---|
| Dated | Plaintiff's Signature |
| Nazik-Ayal | Mamyrova |
| First Name          Middle Initial | Last Name |
| 249 E. 48th Street, Apartment 7D | |
| Street Address | |
| New York                    NY | 10017 |
| County, City                State | Zip Code |
| 646-421-8608 | naz0211@gmail.com |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](http://www.pacer.uscourts.gov) or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](http://www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

Nazik-Ayal Mamyrova v. NAICA, Inc., et al

Mamyrova, Nazik-Ayal

Name (Last, First, MI)

249 E. 48th Street, Apartment 7D    New York        NY              10017

Address                    City            State           Zip Code

646-421-8608                        naz0211@gmail.com

Telephone Number                    E-mail Address

08/24/2021                          /s/ Nazik-Ayal Mamyrova

Date                                Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

## CONTINUATION OF THE STATEMENT OF FACTS FROM THE CIVIL COMPLAINT FORM

7.      This forced the Plaintiff to repeatedly defend herself, repeatedly explain why she was living in this Country, and that she was and had been living here lawfully for more than half of her life.

8.      The repeated badgering by Defendant Brown was tiring and wearing on the Plaintiff.  The Plaintiff got tired of Defendant Brown's right's violating directives and questions about returning to her home country.

9.      The Plaintiff repeatedly requested that Defendant Brown stop badgering her with demands that she return to her home country.

10.      Defendant Brown repeated the directives and questions regarding returning to her home country again and again, and despite the repeated requests to cease by the Plaintiff, Defendant Brown continued.

11.      Go home to your own country, go back to your own country, things would be so much better for you in your own country.

12.      Over and over, causing the Plaintiff extreme amounts of stress and mental distress.

13.      At the shelter prior to the NAICS Shelter, the Plaintiff was informed that she could obtain a housing voucher from the City program FHEPS.

14.      The Plaintiff greatly desired a voucher to move out of the NAICS Shelter, and desired such voucher as soon as she could obtain one.

15.     There were requirements for obtaining this $1,265 per month voucher, including employment so that 30% of your income would go towards the rent, and reducing the voucher amount correspondingly.

16.     However, if the person has a valid Mental or Medical reason for not being employed, then the person would receive the full $1,265 voucher.

17.     When the Plaintiff was at NAICA shelter, the Plaintiff was diagnosed with a medical condition which medically prevented the Plaintiff from working.

18.     The Plaintiff obtained and provided to the NAICA Shelter, all the necessary medical records and documents.

19.     The Plaintiff specifically obtained records written by her Oncologist and physician, explaining her medical conditions, and the fact the Plaintiff was heavily involved in ongoing treatment for her serious medical conditions, and the fact that the Plaintiff could not work.

20.     Despite Defendant NAICA and Brown actually possessing these documents because the Plaintiff gave them to them, the Plaintiff was told to work anyway, and that she would never get the $1,265 housing voucher without working.  This is not true.

21.     The Truth is that the HRA has their own doctors to medically assess individuals and make the independent determination if that person's medical conditions prevent working.

22.     Further, there are people who did not work, but had been assessed by HRA doctors, determined to be medically unable to work, and were still given the $1,265 housing voucher.

23.     Both Defendant NAICA and Defendant Brown had actual knowledge of the aforementioned facts regarding the HRA Doctors and the Plaintiff's ability to still obtain the $1,265 housing voucher after an examination and medical determination that her medical conditions were too severe to work.  Despite this fact, Defendant NAICA and Defendant Brown refused to offer this option to the Plaintiff.

24.     The refusal to offer or inform the Plaintiff of this option made the Plaintiff feel singled out, targeted, disadvantaged and discriminated against.

25.     Around December 11, 2019, Defendant Brown took things even further, demanding the Plaintiff to start working regardless of her "medical conditions," and threatening to send the Plaintiff to a bad shelter where women are beaten and raped. Further, that the Plaintiff should be very happy she was at the NAICA Shelter.

26.     Each time, Defendant Brown was extremely rude, forceful, demeaning and threatening.

27.     The Plaintiff could not believe what Defendant Brown was saying, and was so appalled that she wrote a complaint letter about this issue.

28.     The Plaintiff also informed the NAICA Shelter that the Plaintiff would like to have her bi-weekly meetings with her caseworker to be in private, not in front of a large audience that included other residents of the shelter, and other caseworkers.

29.     This is because meetings with a caseworker at the NAICA shelter are held in one room, which would have up to 15-20 people, where the discussions between the case worker and the resident would be heard by everyone.

30.     The Plaintiff made this request because such a setting was very uncomfortable for her, and made it virtually impossible to discuss her medical conditions

and shamed her even worse when Defendant Brown would abuse the Plaintiff about

going back to her country and threaten the Plaintiff with transfer to a shelter where

women are beaten and raped.

31.     The Plaintiff went to the Department of Homeless Services, (DHS)

website, the site provides the rights of residents of Shelters like the NAICA Shelter.  One

of the rights a Shelter resident has is the right of privacy during case worker meetings,

when requested.

32.     Both Defendant Brown and the NAICA Shelter know of this right and the

Plaintiff is positive they have granted such a request at least once.

33.     The Plaintiff personally knows another woman at the shelter who also has

Defendant Brown as her caseworker, and Defendant Brown offered this woman the right

of privacy while they engaged in the resident-case worker bi-weekly meetings.

34.     After writing the complaint letter, the Plaintiff's case worker was changed

from Defendant Brown.

35.     The Plaintiff was not granted her request for private meetings with her

case worker, and the Plaintiff was never granted her request for a private meeting.

36.     These experiences made the Plaintiff feel as though Defendant NAICA

and Defendant Brown completely disregarded the Plaintiff's basic human rights, and did

not even care to follow basic rules relating to Shelter's with regard to the Plaintiff.

37.     The Plaintiff felt abusively discriminated against, unjustly persecuted and

subjected to a depravation of enjoyment the basic right to religious freedom.  The

unethical, inexcusable, deplorable and malicious behavior exhibited by the Defendants

toward the Plaintiff stripped the Plaintiff of any feeling of basic human rights, civil rights, constitutional rights, and any form of sense of self-worth.

38.     I was literally used as the example of how to not receive a housing voucher.

39.     The other case workers would tell other residents of the NAICA Shelter that the Plaintiff was a Russian-Asian who thinks it is very easy to get housing voucher, and that the Plaintiff was very much mistaken when it comes to getting a housing voucher because the Plaintiff though it was very easy to get.

40.     The Plaintiff was never informed why she was singled out, demeaned and so negatively used as the scapegoat example.

41.     The Plaintiff was friends with other residents of the shelter, and they would come up to her and say things like, "well, my caseworker told me that you think things are easy, and you do not have to work, and that a housing voucher is easy to get.

42.     The Plaintiff did not like being called a Russian-Asian and the way the people stated the phrase was in a demeaning and disrespectful tone.

43.     The comment was phrased in such a way that it was necessarily meant to be taken in an overtly racist manner, and the Plaintiff should not have been subjected to that.  The Plaintiff is not even Russian, she simply speaks the language.

44.     The Plaintiff wanted to get a housing voucher and the rules and her medical conditions provided that she could and should have received the full $1,265 voucher.

45.     Unable to get the Defendants to follow the basic housing voucher program rules when refusing to connect her with the HRA doctors after refusing to acknowledge the medical records and recommendations the Plaintiff presented.

46.     With no other choice, the Plaintiff was required to work, risking her life to the point she would receive phone calls from the hospital because they were very concerned about her health and well being.

47.     They would inform her that she needed to immediately visit the emergency room or see her Doctor, because she was being administered Chemo Therapy via pills.

48.     On March 03, 2020, the Plaintiff met with Defendant Isha Smith, (hereinafter, "Smith"), director of Social Services.

49.     At one of her meetings with her case worker, when the Plaintiff showed up, she learned that the person sitting with her caseworker was Defendant Smith with whom the Plaintiff never spoke before or even saw.

50.     Defendant Smith was giving the Plaintiff a hard time because she had missed the housing meeting and was not being documented as searching for an apartment.

51.     The Plaintiff responded that with her almost full-time job, plethora of doctors' appointments, and the physical toll the medical conditions and the chemotherapy were having upon her left her with no time or energy to attend the meeting.

52.     Further, by that time, the Plaintiff already got the housing voucher because the Plaintiff went to work for 30 hours a week so she could get her housing voucher.

53.     By this time, because she had been working and constantly checking, she had been granted the housing voucher and was searching for an apartment, had spoken to several landlords, attended several related housing meetings, and was actively playing the housing lottery.

54.     The Plaintiff told to Defendant Smith that it was hard for to fulfill everything with the overburdensome work hours, and that she was actually forced to reduce her working hours because of the debilitating effects her medical conditions and the treatment of such caused.

55.     The Plaintiff informed Defendant Smith that she provided her case worker all the necessary documents from many doctors that explained her severe medical conditions and the medical decision that the Plaintiff should not be working.

56.     The Plaintiff then informed Defendant Smith that she could provide even more documentation if that was required.

57.     In response, Defendant Smith threatened the Plaintiff, stating that she would be transferred to another shelter, and lose her housing because it would be taken away from her.

58.     Defendant Smith asked the Plaintiff's caseworker about her medical conditions, and the Plaintiff interjected, stating that she did not feel comfortable revealing such personal information in front of so many people – that there was no privacy.

59.     Further, that if Defendant Smith actually wanted to know more about her medical conditions, they could speak in private or Isah Smith could contact her doctors directly.

60.     Again, in response, Defendant Smith was rude when speaking to the Plaintiff, still insisting that the case worker discuss the Plaintiff's medical conditions right in front of a fairly large audience.

61.     Defendant Smith asked the Plaintiff, "why are you complaining, you look just fine, you can work, stop lying to me, if you worked for the past 6 months like that. it means you can continue just like that."

62.     The Plaintiff is informed, believes and thereon alleges that Defendant Smith lacks the medical training to officially and validly determine that the Plaintiffs medical conditions did not prohibit the Plaintiff from working.

63.     Nonetheless, the Plaintiff's case worker stated what the Plaintiff's medical condition was.

64.     Despite even this, the Plaintiff's case worker proceeded to threaten the Plaintiff that if she reduced her hours at her job, her housing voucher would be taken away.

65.     At her wits end, the Plaintiff replied that her case worker could do whatever she felt was the right thing to do, and that if she wanted to transfer the Plaintiff to another Shelter, she could.

66.     The Plaintiff informed her case worker and Defendant Smith that she would do what she had to in order to survive.

67.     This meeting was so disturbing to the Plaintiff that she literally ran out of the meeting in a sheer panic.

68.     She did not know how to handle the overriding of her desire to keep her medical conditions out of the public arena at the Shelter.

69.     This meeting took place in front of many people consisting of other residents of the shelter, other caseworkers, managers, security, etc., and after this event, the other people around the Plaintiff would make comments about her situation directly to her.

70.     After that incident, the Plaintiff wrote a complaint letter on Defendant Smith to the coalition for the homeless, but again, nothing was done to assist her or to help remedy the behavior exhibited by the case workers and Defendant Smith.

71.     Subsequently, the Plaintiff spoke to the director of the NAICA shelter, Mr. Aluta, and again asked for private meetings with her caseworker.  Even he refused to provide the Plaintiff any private meetings with her case worker.

72.     Regarding the letter the Plaintiff wrote, Mr. Aluta stated that Defendant Smith would apologize, but to this day, no apology has been delivered to me from her.

73.     Another instance of unethical behavior occurred at the shelter during the COVID-19 pandemic.  A Chinese-born resident was attacked for no reason.

74.     The Chinese women was attached right in front of the Shelter.  The incident was caught on camera, the security people saw and called 911.

75.     The Police came and made a report, but then the shelter staff implored the Chinese women not to press the charges against the attacker.

76.     The Plaintiff believe it should be in the right of person whether to press charges or not, and given the situation, the Plaintiff believe anyone who attacks someone physically for their race or where they come from should be held responsible.

77.     Further, the NAICA Shelter staff should not discourage people from exercising their rights if they wish to press charges or not in the given situation.

78.     The Plaintiff ultimately found an apartment and was able to move out of the NAICA Shelter using the housing voucher.

79.     The Plaintiff's medical conditions should have resulted in the Plaintiff receiving the entire $1,265 voucher without working.

80.     However, due to the Shelter's refusal to accept the Plaintiff's work-preventing medical conditions, and refusal to present the same to the housing voucher program, in order to receive the housing voucher, the Plaintiff was required to work so that thirty percent, (30%) of her income could go towards the voucher.

81.     Up and through to this day, to this day the Plaintiff is forced to pay out of my pocket to keep up the rent, with the current portion she is required to pay being $565 monthly, taken from her account.

82.     In order to keep up with her rent, the Plaintiff had to work, putting extreme strain and stress on her body, making it almost impossible for her to battle the severe medical conditions, and withstand the negative effects of the Chemotherapy treatments.

83.     If the Defendants had not outrageously discriminated against her, and had treated her fairly, affording her the same access to the housing voucher program as others, she would have been granted a medical exclusion from work, and would have received her housing voucher without having to work, allowing her to battle her severe medical conditions and better withstand the debilitating side effects from the chemotherapy treatments.

84.     The Plaintiff experienced discrimination, rude unethical behaviors towards, she was mischaracterized as lying or having made-up her medical conditions,

taunted as a "Rssian-Asian," was insidiously divested of her right to medical and basic privacy, and her fundamental rights to freedom of, and enjoyment in her own chosen religion.

85.     Defendant Brown specifically and repeatedly refused to issue the Plaintiff a pass so she could attend her chosen religious services without having her property put in the hallway and forcing the Plaintiff to lose her bed that night at the Shelter.

86.     The Plaintiff was literally told to go back home over and over and over throughout the entire summer of 2019 – despite the fact that this Country is her home.

87.     The Plaintiff has never experienced discrimination, racism, divestment of fundamental rights, nor an intentional burden being placed on her exercise of her rights to freedom of religion.

88.     The Plaintiff experienced a pattern and practice of discrimination and racism.  The Plaintiff was discriminated against based on her race and her choice of religion.  The Plaintiff was blatantly and without reason targeted by the NAICA and its staff, intentionally deprived of the medical provisions of the housing program that did not require her to work to obtain the voucher.

89.     The Plaintiff suffered such discrimination and depravation of her rights because of her medial condition, her race, her chosen religion and her ethnic background.

90.     The Plaintiff would have sought relief in this Court sooner, but without legal training and legal assistance, she could not navigate the matter during the unprecedented COVID-19 pandemic.

Dated: August 24, 2021                              By:  /s/ Nazik-Ayla Mamyrova
                                                        Nazik-Ayla Mamyrova
                                                        Plaintiff, *Pro Se*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAZIK-AYLA MAMYROVA

_____

Write the full name of each plaintiff or petitioner.

-against-

NEIGHBORHOOD ASSOCIATION FOR INTER-CULTURAL AFFAIRS, INC.,

_____

TAMIKA BROWN; ISHA SMITH, et al

Write the full name of each defendant or respondent.

No. _____CV_____

**MOTION FOR PERMISSION FOR
ELECTRONIC CASE FILING**

I respectfully ask the Court for permission to participate in electronic case filing ("e-filing") in this case. I affirm under penalty of perjury that:

1.  I have reviewed the Court's Electronic Case Filing Rules & Instructions, available at http://nysd.uscourts.gov/ecf_filing.php, and agree to abide by them.

2.  I completed the Court's CM/ECF introduction course[1] on _____.

3.  I have submitted a Non-Attorney E-File Registration for the PACER system at https://www.pacer.gov/reg_nonatty.html.

4.  I understand that once I register for e-filing, I will receive notices and documents only by e-mail in this case and not by regular mail.

5.  I understand that if I am granted permission to participate in e-filing, I must file my documents electronically and I may not submit documents to the Pro Se Intake Unit for scanning and docketing.

6.  I know how to convert a document to PDF-A format.

7.  I have regular access to the technical requirements necessary to e-file successfully:

    ☑  a computer with internet access and a word processor

    type of computer I will be using: HP _____

---

[1] You may register for the course on the Court's website: http://nysd.uscourts.gov/ecf_training.php.

type of word processor I will be using: **Microsoft Word**

■ an e-mail account (on a daily basis) to receive notifications from the Court and notices from the e-filing system

■ a scanner to convert documents that are only in paper format into electronic files

scanning equipment I will be using: **EPSON**

■ a PDF reader and a PDF writer to convert word-processing documents into PDF format, the only electronic format in which documents can be e-filed

version of PDF reader and writer that I will be using:

**Adobe Acrobat**

■ a printer or copier to create required paper copies such as chambers copies.

8. I understand that I must regularly review the docket sheet of the case so that I do not miss a filing.

9. I understand that if my use of the ECF system is unsatisfactory, my e-filing privileges may be revoked, and I will be required to file documents in paper.

8/24/2021

Dated

/s/ Nazik-Ayla Mamyrova

Signature

NAZIK-AYLA MAMYROVA

Name

249 E. 48th Street, Apartment 7D   New York              NY       10017

Address                                          City                              State       Zip Code

646-421-8608

Telephone Number

naz0211@gmail.com

E-mail Address

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Nazik-Ayla Mamrova | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| NAICA, TAMIKA BROWN; ISHA SMITH, et al | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:     NEIGHBORHOOD ASSOCIATION FOR INTER-CULTURAL AFFAIRS, INC., a New York Corporation;

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:       08/24/2021                                /s/ Nazik-Ayla Mamyrova
                                                         *Signature of the attorney or unrepresented party*

                                                         Nazik-Ayla Mamyrova
                                                         *Printed name*

                                                         249 E. 48th Street, Apartment 7D

                                                         *Address*

                                                         naz0211@gmail.com
                                                         *E-mail address*

                                                         646-421-8608
                                                         *Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Nazik-Ayla Mamrova | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| NAICA, TAMIKA BROWN; ISHA SMITH, et al | ) |
| *Defendant* | ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:    TAMIKA BROWN, an individual

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:     08/24/2021

                                                    /s/ Nazik-Ayla Mamyrova
*Signature of the attorney or unrepresented party*

Nazik-Ayla Mamyrova
*Printed name*

249 E. 48th Street, Apartment 7D
*Address*

naz0211@gmail.com
*E-mail address*

646-421-8608
*Telephone number*

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| Nazik-Ayla Mamrova | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| NAICA, TAMIKA BROWN; ISHA SMITH, et al | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:    Isha Smith, an individual

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:        08/24/2021

/s/ Nazik-Ayla Mamyrova
*Signature of the attorney or unrepresented party*

Nazik-Ayla Mamyrova
*Printed name*

249 E. 48th Street, Apartment 7D
*Address*

naz0211@gmail.com
*E-mail address*

646-421-8608
*Telephone number*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Nazik-Ayla Mamyrova

Plaintiff(s),

-against-

NEIGHBORHOOD ASSOCIATION FOR INTER-CULTURAL
AFFAIRS, INC., a New York Corporation;TAMIKA BROWN,
an individual;  Isha Smith, an individual and DOES 1-10,
inclusive,

Defendant(s).

Docket No: _____CV_____(      )(      )

NOTICE OF PRO SE APPEARANCE

I hereby enter an appearance on my own behalf in this action and request:

(please check one option below)

☐ that all future correspondence be mailed to me at the address below, or

☑ that all future correspondence be e-mailed to me at the e-mail address below. I have
completed the attached Consent to Electronic Service.

I understand that if my address or e-mail address changes, I must immediately notify the Court
and all parties.

NAZIK-AYLA MAMYROVA,                                    ☑ Plaintiff
                                                        ☐ Defendant
Name (Last, First, MI)

249 E. 48th St. Apt. 7D   New York NY                    10017
Address              City          State              Zip Code

646-421-8608                    naz0211@gmail.com
Telephone Number                e-mail address

8/24/21                         /s/ Nazik-Ayla Mamyrova
Date                            Signature