|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 11/1/2021 |

NAZIK-AYLA MAMYROVA,

                      Plaintiff,

         -against-

NEIGHBORHOOD ASSOCIATION FOR
INTERCULTURAL AFFAIRS, INC.; TAMIKA
BROWN; ISHA SMITH; DOES 1-10,

                      Defendants.

21-CV-7170 (VEC)

ORDER OF SERVICE

VALERIE CAPRONI, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Revenue Sharing Act, 31 U.S.C. § 6711, and 42 U.S.C. ch. 21, alleging that Defendants subjected her to discrimination at a Bronx homeless shelter because of her race, religion, and national origin.  By order dated October 26, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date

summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Neighborhood Association for Inter-Cultural Affairs (NAICA), Tamika Brown, and Isha Smith through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to issue summonses, complete the USM-285 forms with the addresses for NAICA, Tamika Brown, and Isha Smith, and deliver to the U.S. Marshals Service all documents necessary to effect service on the defendants.

3

      The Clerk of Court is also instructed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:    November 1, 2021
              New York, New York

                                                          VALERIE CAPRONI
                                                            United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Neighborhood Association for Inter-Cultural Affairs (NAICA)
   C/O Saul Berzin, Esq., Registered Agent
   32 Broadway
   New York, NY 10004

2. Tamika Brown
   Caseworker,
   NAICA Shelter
   706 Courtlandt Avenue
   Bronx, NY 10451

3. Isha Smith
   Director of Social Services
   NAICA Shelter
   706 Courtlandt Avenue
   Bronx, NY 10451